Defendants made a prima facie showing of entitlement to summary judgment as to plaintiffs claims of “significant limitation of use” and/or “permanent consequential limitation of use” of her cervical and lumbar spine injuries (see Insurance Law § 5102 [d]). They submitted expert medical reports of a radiologist who opined that changes shown in MRIs of the lumbar spine of the then 26-year-old plaintiff were degenerative, and that the MRI of the cervical spine showed no injury (see Spencer v Golden Eagle, Inc., 82 AD3d 589, 590-591 [2011]).
In opposition, plaintiff submitted the affirmations of his physician, who found limitations in the range of motion of plaintiffs *564 cervical and lumbar spine shortly after the accident and five years later. Plaintiff also submitted the MRI reports of his radiologist noting disc bulges in the cervical spine and a herniated disc in the lumbar spine. This evidence raises triable issues of fact as to whether plaintiff sustained serious injuries of the cervical and lumbar spine (see Fuentes v Sanchez, 91 AD3d 418 [2012]; Johnson v Garcia, 82 AD3d 561 [2011]). Plaintiffs physicians also addressed the defense expert’s findings of degeneration by opining that his injuries were causally related to the accident (see Yuen v Arka Memory Cab Corp., 80 AD3d 481, 482 [2011]; Grant v United Pavers Co., Inc., 91 AD3d 499 [2012]).
Plaintiff did not submit any proof of a recent medical examination showing a loss of range of motion in his right knee (see Townes v Harlem Group, Inc., 82 AD3d 583 [2011]), or MRI evidence of his knee injuries. Nevertheless, once a serious injury is established, a plaintiff is entitled to recover damages for all injuries causally related to the accident, even those that do not meet the serious injury threshold (see Linton v Nawaz, 14 NY3d 821 [2010]; Rubin v SMS Taxi Corp., 71 AD3d 548 [2010]).
Defendants have not met their burden with respect to plaintiffs 90/180-day claim, since they first raised this claim in their reply papers (see Tadesse v Degnich, 81 AD3d 570 [2011]; McNair v Lee, 24 AD3d 159, 160 [2005]). Were we to address this claim, we would find it to be without merit (see Singer v Gae Limo Corp., 91 AD3d 526 [2012]). Concur — Tom, J.P., Mazzarelli, Andrias, DeGrasse and Román, JJ.